223 P.2d 686

McGEE v. KOONTZ et al.

No. 7681.

Supreme Court of Idaho.

Nov. 1, 1950.

508

J. H. Felton and William J. Jones, Lewiston, for appellant.

Martin V. Huff, Moscow, for Koontz.
Abe McGregor Goff, Moscow, for Gohrman.

KEETON, Justice.

On November 17, 1949, Gerald McGee, Claimant, appellant here, while working in an industry covered by Workmen's Compensation Law, I.C. § 72-101 et seq., sustained an injury rendering him totally and permanently disabled. Claim was filed with the Industrial Accident Board against Gerald Koontz, employer, and an award was made. The liability of Koontz is not disputed.

Thereafter, claim was made against respondent Gohrman, and a hearing had as to his liability as an employer, if any there was. Gohrman denied liability.

The question presented by this appeal is whether or not Gohrman was an employer of the injured workman at the time of the injury within the meaning of the Workmen's Compensation Act.

The Board held that Gohrman was not the employer and dismissed the claim as to him. From the order of dismissal appellant appealed.

The pertinent facts are: In 1948 Koontz became indebted to Gohrman for money loaned. At Koontz' solicitation Gohrman purchased a small sawmill and some timber land near Emida, Idaho, and thereafter, he employed Koontz to manage the enterprise and deliver the processed lumber to Spokane. He secured Workmen's Compensation with the State Insurance Fund. During the season of 1948 he lost money on the enterprise and abandoned the operation and caused the machinery to be hauled to Spokane. He notified the State Insurance Fund that he had discontinued the operation and canceled the insurance. In 1949 Koontz, without the consent or knowledge of Gohrman, caused the machinery and equipment to be hauled to Emida, Idaho, where he set up the mill on Gohrman's land, and engaged in the manufacture of lumber. On August 1, 1949, by a conditional sales contract, Gohrman sold the mill, machinery and equipment to Koontz for a consideration of $16,000.00, payable at the rate of $200.00 per month. Koontz also purchased and installed additional machinery and equipment for the operation.

To further secure the indebtedness which was acknowledged to exist, the defendant, Koontz, thereafter executed a chattel mortgage covering the lumber and a second chattel mortgage was executed November 28, 1949, covering the articles described in the conditional sales contract and other articles.

Although advised to do so by Gohrman, Koontz failed to secure workmen's compensation coverage.

Gohrman at no time during the operation of 1949 hired, paid, directed, or discharged the men, and had no control over Koontz' operation, nor did he share in the profits or become liable for the losses.

The only time that Gohrman was at the mill during the operation of 1949 was on Sundays to get lumber which was credited on the indebtedness of Koontz. At the time of the injury, appellant had worked for Koontz approximately three weeks.

Among other things the Board found:

"At no time subsequent to August 1, 1949 * * * did Gohrman employ, pay, discharge or direct any of Koontz' Workmen. * * * Gohrman's actions were consistently those of a creditor having a major stake in Koontz' operations seeking payment for his property rather than a share in the profits of the operation."

Appellant contends Koontz was a contractor, subcontractor or implied partner of Gohrman, and liable under the provisions of Sec. 72-811, I.C.

There is nothing in the transcript to sustain this contention. The testimony clearly establishes the relationship of debtor and creditor, and not contractor, subcontractor or partner.

In order to hold one as an employer under the Workmen's Compensation Act, the owner of the premises, who is not the direct employer of the workmen employed on such premises, must be shown to be the proprietor or operator of a business carried on on such premises. Moon v. Ervin, 64 Idaho 464, 133 P.2d 933.

An employer is defined by Sec. 72-1010, I.C., as including: "* * * the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. * * *"

One who sells personal property on conditional sales contract, delivers such property to the purchaser, takes security for money owed in the form of chattel mortgages and receives part payment from the products produced by the machinery sold, and who exercises no control over the business, and except as a creditor has no interest in the enterprise, is not a proprietor or operator of the business conducted by the purchaser.

While there is some hearsay evidence which inferentially might be construed as showing a partnership relationship, the overwhelming weight of the evidence is to the contrary, and if the testimony were to be construed to be in conflict, the Board's findings, on competent, substantial evidence will not be disturbed on appeal. We find no error. The order of the Board is affirmed. Costs to respondents.

GIVENS, C. J., PORTER and TAYLOR, JJ., and SUTTON, D. J., concur.