958 P.2d 594

Travis **HARPOLE**, Plaintiff–Appellant,

v.

**STATE of Idaho and The Department of Lands, Defendants–Respondents.**

NO. 22956.

Supreme Court of Idaho.
Coeur de'Alene, October 1997 Term.

May 19, 1998.

Howard & Owens, P.A., Coeur d'Alene, and Verby Law Office, Sandpoint, for appellant. Kenneth B. Howard, Jr. and Steven C. Verby argued.

Ramsden & Lyons, Coeur d'Alene, for respondents. Michael E. Ramsden argued.

SCHROEDER, Justice

Travis Harpole brought a personal injury action against the State of Idaho and the Department of Lands (the State) seeking damages for injuries he received while working as a logger for Potlatch Corporation (Potlatch). The district court granted summary judgment in favor of the State, and Harpole appeals that decision. We affirm.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

The State of Idaho and Potlatch entered into a contract in which the State sold Potlatch timber rights on state-owned property known as the Breakfast Bowl. Potlatch harvested timber at the Breakfast Bowl pursuant to the contract. An employee of Potlatch, Travis Harpole, was involved in an accident while performing logging operations at the Breakfast Bowl. Harpole was paralyzed from the waist down as a consequence

of the accident. All of the people involved in the accident were employees of Potlatch.

Harpole filed a complaint against the State seeking damages for the injuries that he received. The State moved for summary judgment. The district court granted summary judgment in favor of the State, reasoning that the State was not a statutory employer under section 72–102(12) of the Idaho Code (I.C.) and, therefore, did not owe Harpole a duty of care. Harpole asserts a number of issues on appeal, including the claims: (1) that the statutory scheme set forth in I.C. §§ 72–102—223 and chapter 17.5 of the Idaho Administrative Procedures Act (IDAPA) requires that the State comply with or assure compliance with applicable safety codes and regulations; and (2) that sections 414, 416 and 427 of the Restatement Second of Torts impose a duty upon the State.

The State maintains that it was not an employer and, therefore, owed no duty to Harpole. Further, the State maintains that it is immune under the Idaho Tort Claims Act. Whether the State owes any of the duties claimed by Harpole depends on whether the State employed either Harpole or Potlatch as an employee or independent contractor. If the State did not do so, none of the duties claimed by Harpole would attach.

## II.

### STANDARD OF REVIEW

Idaho Rule of Civil Procedure 56(c) requires the trial court to enter summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing an order granting summary judgment, this Court applies the same standard employed by the trial court when it initially ruled on the motion. *Idaho Sch. for Equal Educ. Opportunity v. Evans,* 123 Idaho 573, 578, 850 P.2d 724, 729 (1993). Every reasonable inference presented on the record will be drawn in favor of the party opposing the motion. *Tingley v. Harrison,* 125 Idaho 86, 89, 867 P.2d 960, 963 (1994); *Idaho Sch.,*

123 Idaho at 578, 850 P.2d at 729. If reasonable people could reach different conclusions based on the evidence, the motion must be denied. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990). However, a mere scintilla of evidence or only slight doubt as to the facts is insufficient to withstand summary judgment; there must be sufficient evidence upon which a jury could reasonably return a verdict resisting the motion. *Corbridge v. Clark Equip. Co.,* 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986); *Snake River Equip. Co. v. Christensen,* 107 Idaho 541, 549, 691 P.2d 787, 795 (Ct.App. 1984).

In this case there is a written agreement between the State and Potlatch which defined the rights and duties of each. The terms of the agreement are not in dispute.

## III.

### THE STATE WAS NOT AN EMPLOYER OF POTLATCH OR HARPOLE AND, CONSEQUENTLY, DID NOT OWE HARPOLE A DUTY OF CARE.

"No liability exists under the law of torts unless the person from whom relief is sought owed a duty to the allegedly injured party." *Vickers v. Hanover Constr. Co.,* 125 Idaho 832, 835, 875 P.2d 929, 932 (1994). *See also Bowling v. Jack B. Parson Cos.,* 117 Idaho 1030, 1032, 793 P.2d 703, 705 (1990). It is clear the State did not employ Harpole directly. However, Harpole argues that the State was an employer of Potlatch and, consequently, owed him a duty of care. Harpole maintains that the definition of employer found in I.C. § 72–102(12) of Idaho's worker's compensation statutes is the applicable definition. Idaho Code § 72–102(12) defines an employer as:

[A]ny person who has expressly or impliedly hired or contracted the services of another. It includes contractor and subcontractors. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent con-

tractor or for any other reason, is not the direct employer of the workmen there employed. If the employer is secured, it means his surety so far as applicable.

I.C. § 72–102(12). The Idaho Minimum Safety Standards and Practices for Logging, adopted by the Industrial Commission, defined employer in identical terms for a period of time. IDAPA 17.5. However, Harpole was injured August 4, 1989, several months after the Industrial Commission deleted the definition of employer. *See* IDAPA 17.5 (June 1989). The Industrial Commission did not adopt a new definition of employer, and there is nothing to indicate whether the Industrial Commission viewed the definition as redundant to I.C. § 72–102(12) or whether the Industrial Commission intended to revert to a common law definition of employer.

The Court of Appeals has adopted the position that the statutory definition of employer in I.C. § 72–102(12) is not applicable to common law causes of action. *Gneiting v. Idaho Asphalt Supply, Inc.*, 130 Idaho 393, 941 P.2d 932, 936 (Ct.App.1997). The statutory definition of employer "governs only the status of the parties under Idaho's worker's compensation laws." *Id.* If a case does not involve a worker's compensation claim and no aspect of the worker's compensation laws are at issue, then the statutory definition of employer does not apply. *Id.* Harpole is not seeking worker's compensation from the State. There is a strong argument, supported by the Court of Appeals' reasoning, that the definition of employer in I.C. § 72–102(12) is not applicable in this case. However, without deciding this point, the Court will analyze the case under I.C. § 72–102(12), for the reason that if the State was not an employer of Potlatch under the statute, the State was not an employer under a less expansive common law definition.

■ This Court has recognized that the statutory definition of employer is an expanded definition "designed to prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others who may be irresponsible and not insure their employees." *Runcorn v. Shearer Lumber Prod., Inc.*, 107 Idaho 389, 392–93, 690 P.2d 324,

327–28 (1984) (citing *Adam v. Titan Equip. Supply Corp.*, 93 Idaho 644, 646, 470 P.2d 409, 411 (1970)). Consequently, if Harpole cannot prove that the State is a statutory employer, then he cannot prove that the State is an employer of Potlatch at common law.

■ A statutory employer does not include the mere owner of the premises, unless the owner is also the virtual proprietor or operator of the business there carried on. *McGee v. Koontz*, 70 Idaho 507, 223 P.2d 686 (1950); *Moon v. Ervin*, 64 Idaho 464, 133 P.2d 933 (1943); *Jones v. Packer John Mines Corp.*, 60 Idaho 653, 95 P.2d 572 (1939). Whether the State was a statutory employer, therefore, depends on whether it was a "virtual proprietor or operator of the business" of logging in the agreement with Potlatch.

■ Idaho case law has defined a test to determine who is a virtual proprietor or operator:

> [T]he true test is, [d]id the work being done pertain to the business, trade, or occupation of the [State], carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability.

*Jones*, 60 Idaho at 657, 95 P.2d at 573 (citations omitted); *Adam*, 93 Idaho at 646, 470 P.2d at 411. Larson, whose treatise on Worker's Compensation Law has been cited by this Court, also provides relevant tests for determining when one becomes a statutory employer within the meaning of I.C. § 72–102(12). Generally, to find a business or person to be a statutory employer, the work being carried out by the independent contractor on the owner or proprietor's premises must have been the type that could have been carried out by employees of the owner or proprietor in the course of its usual trade or business. *Adam*, 93 Idaho at 646, 470 P.2d at 411 (citing "1A Larson, Workmen's Compensation § 49.12 at 860, 867 (1967))." Larson also states that "if a person is normally equipped with manpower and tools to do a job and nevertheless contracts it to another employer, he is the statutory em-

ployer of the second employer's employees." *Id.*

The record does not show that the State was in the business of logging timber. There is nothing that shows that the State's own employees could have carried on the business of logging, nor does the record reflect that the State is equipped with the manpower and tools to operate a logging business. The State's goal was to receive money from the timber sales contract. Any pecuniary gain that the State may have received was not the result of operating a logging business; it was the result of selling timber.

■ Harpole argues that the State exercised sufficient control over the project to be considered Potlatch's employer. The contract required Potlatch to submit a logging and operations plan that had to be approved by the State prior to commencement of any logging or road construction activities. In addition, state employees periodically inspected the logging operation to ensure that Potlatch was complying with both the proper safety standards and the logging and operations plan. As noted by the district court however, these elements of control are "consistent with the interests of a land owner concerned about the protection of the premises and do not ... cast the State of Idaho in the role of being a statutory employer." The record established that the State sold timber under conditions designed to protect its interests in the property, not that it operated a logging business.

Whether the expanded definition of employer set forth in I.C. § 72–102(12) or a more restrictive common law definition of employer is applied, the State was not an employer of Potlatch Consequently, the State did not owe a duty to Harpole under IDAPA.

## IV.

## THE STATE IS NOT LIABLE UNDER SECTIONS 414, 416 AND 427 OF THE RESTATEMENT.

■ Harpole also argues that the Restatement Second of Torts (Restatement) imposes a duty upon the State. As a general rule, one who hires an independent contractor is not liable for injuries to employees of the independent contractor. The Restatement provides three exceptions to the general rule.

First, under § 414 of the Restatement, "one who entrusts work to an independent contractor, but who retains control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care." THE RESTATEMENT (SECOND) OF TORTS § 414. Second, under § 416 of the Restatement, "one who employs an independent contractor to do work which the employer should recognize as likely to create a ... peculiar risk of physical harm to others ... is subject to liability for physical harm caused to them." *Id.* § 416. Finally, under § 427 of the Restatement, "one who employs an independent contractor to do work involving a special danger to others ... is subject to liability for physical harm caused to such others." *Id.* § 427. Under each of these exceptions, liability is only imposed upon an employer of an independent contractor. Since the State did not employ Potlatch as an independent contractor, it would not be liable under any theory in the Restatement. The State sold timber to Potlatch under certain conditions. It did not employ Potlatch. It is not liable under any of the theories advanced by Harpole and, therefore, it is not necessary to address the State's claim of immunity.

## V.

## CONCLUSION

The decision of the district court granting summary judgment to the State is affirmed. The State is awarded costs. No attorney fees are awarded.

TROUT, C.J., and SILAK and WALTERS, JJ., Concur.

JOHNSON, Justice, dissenting.

I respectfully dissent. In my view, the definition of employer contained in I.C. § 72–102(12) is applicable, and there is a genuine issue of material fact concerning whether the State was the virtual proprietor or operator

of the timber harvesting business at the Breakfast Bowl when Harpole was injured.

It appears to me that the Industrial Commission (the Commission) adopted the Idaho Minimum Safety Standards and Practices for Logging (the Standards) pursuant to I.C. §§ 72–720 through 72–723, portions of the workers' compensation law. Therefore, I conclude that the definition of employer contained in I.C. § 72–102(12) should also apply.

The State owned the Breakfast Bowl and could have harvested the timber itself. Instead, it contracted with Potlatch to do so and required Potlatch to remove the timber using the very method that led to Harpole's injury. Liberally construing the facts and drawing all reasonable inferences in Harpole's favor, I would conclude that there was a genuine issue of material fact concerning whether the work being done pertained to the business of the State of harvesting the timber.