108 P.3d 392

Kathy VENTERS, surviving widow, and Jonathan Venters, surviving son of Decedent Stanley Venters, Plaintiffs–Appellants,

v.

SORRENTO DELAWARE, INC., a foreign corporation doing business in Idaho by and through an Amended Certificate of Authority as Sorrento Lactalis, Inc., aka Swiss Village Cheese Factory, Defendants–Respondents,

and

Bigfoot Farm, LLC, a limited liability corporation, and David L. Palfreyman, an individual; Paul I. Corddry, an individual, and Charlotte P. Corddry, an individual, Montierth Farms, LLP, a limited liability partnership, and Herbert R. Montierth, an individual; Edward R. Montierth, and Susan Montierth, an individual; and Does 1–10, Defendants.

Kathy Venters, surviving widow, and Jonathan Venters, surviving son of Decedent Stanley Venters, Plaintiffs–Appellants,

v.

Sorrento Delaware, Inc., a foreign corporation doing business in Idaho by and through an Amended Certificate of Authority as Sorrento Lactalis, Inc., aka Swiss Village Cheese Factory, and Bigfoot Farm, LLC, a limited liability corporation; David L. Palfreyman, an individual; Paul I. Corddry, an individual; Charlotte P. Corddry, an individual, Defendants,

and

Montierth Farms, LLP, a limited liability partnership; Herbert T. Montierth, an individual; Edward R. Montierth, an individual; and Susan Montierth, an individual; and Does 1–10, Defendants–Respondents.

Nos. 29854, 29139.

Supreme Court of Idaho,
Boise, December 2004 Term.

Feb. 23, 2005.

Jones, Gledhill, Hess, Fuhrman, Bradbury & Eiden, P.A., Boise, for respondent Montierth Farms. Stephen J. Gledhill argued.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Boise, for respondent Sorrento Delaware. Shawn C. Nunley argued.

TROUT, Justice.

Kathy Venters and Jonathan Venters, widow and surviving son of Stanley Venters respectively, brought wrongful death actions separately against Sorrento Delaware, Inc. and Montierth Farms, LLP after Stanley Venters was killed in a work-related accident. The district judges in each case granted summary judgment to the defendants, dismissing the Venters' complaints, and we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sorrento Delaware, Inc. (Sorrento) operates the Swiss Cheese Factory in Nampa, Idaho, (Nampa facility) and as part of its cheese-making process, produces a large amount of wastewater, for which it must find some use. Sorrento disposes of some of this wastewater by discharging it into on-site holding ponds and onto the farmland surrounding the Nampa facility. However, the quantity of wastewater is such that Sorrento also contracts with farmers in Ada and Canyon counties to dispose of the wastewater on their property. In these contract situations, Sorrento pays the farmer an annual fee to be able to come onto the farmer's property and pump its wastewater into large storage tanks located there. Sorrento owns and maintains the storage tanks and related pumping equipment, and the water is used as an irrigation source for that farmer's land. Sorrento contracts with 3–C Trucking to haul the wastewater from the Nampa facility to the farmers' property, as Sorrento doesn't typically maintain trucks to enable them to transport wastewater. 3–C Trucking contractually agrees to transport as much wastewater as Sorrento has available to the various farmers. Montierth Farms, LLP (Montierth) is one of those local area farmers

Goicoechea Law Offices, Chtd., Boise, for appellants. Mitchell R. Barker argued.

that entered into a written agreement with Sorrento, agreeing to permit them to build a wastewater facility and to truck wastewater onto the farm site for dispersal.

Stanley Venters was employed as a tanker truck driver by 3–C Trucking on June 30, 2001. On his first day on the job, he was assigned to drive one of the wastewater tanker trucks hauling wastewater from Sorrento's Nampa facility to the Montierth farm. Mr. Venters, in the midst of working his shift, was standing in the unlit staging area on the Montierth site during the pre-dawn hours, waiting his turn to pull in and dump his load of wastewater, when another driver who had just unloaded and was leaving the facility, ran over him. The accident caused serious injuries to Mr. Venters, resulting in his death two days later. At the time of his death, Mr. Venters was covered by worker's compensation insurance through his employer, 3–C Trucking. A claim was made by Mr. Venter's survivors and they received benefits.

On April 10, 2002, Kathy Venters and Jonathan Venters (the Venters) filed separate wrongful death/survivorship complaints against Sorrento and Montierth, alleging tort liability for failure to maintain a safe premises and a safe working environment, which caused Mr. Venters' death. Montierth filed a motion for summary judgment, claiming that as the mere owner of the property where the accident occurred, it owed no duty to the decedent or, alternatively, that its claimed status as Mr. Venter's statutory employer precluded it from civil liability under the exclusive remedy provisions of Idaho's Worker's Compensation Act (the Act). The district court entered summary judgment in favor of Montierth on both bases, with the court specifically finding that the Venters' exclusive remedy against Montierth fell under I.C. § 72–223.

Sorrento filed a motion for summary judgment, arguing it too qualified as Mr. Venters' statutory employer and, thus, was immune from third-party liability pursuant to I.C. § 72–223. The district court granted Sor-

rento's motion. The Venters appealed both rulings and the two cases were then consolidated on appeal.

## II.

### STANDARD OF REVIEW

 This Court's review of a trial court's ruling on a motion for summary judgment is the same standard used by the trial court in originally ruling on the motion. *Sun Valley Potatoes v. Robertson Tucker,* 133 Idaho 1, 3, 981 P.2d 236, 238 (1999) (citing *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 887 P.2d 29 (1994)). Pursuant to I.R.C.P. 56(c), summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This Court liberally construes the record in favor of the party opposing the motion for summary judgment and draws any reasonable inferences and conclusions in that party's favor. *Id.* at 4, 981 P.2d at 239 (citing *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 869 P.2d 1365 (1994)). If the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review. *Farm Credit Bank of Spokane,* 125 Idaho at 272, 869 P.2d at 1367.

## III.

### ANALYSIS

This case concerns the application of the third-party tort immunity provision set forth in the Act as I.C. § 72–223. The policy behind the Act is to provide employees a definite remedy for injuries arising out of and in the course of employment. I.C. § 72–201. Counterbalancing the employers' burden of providing "sure and certain relief" to injured workers, the Act limits the employers' exposure to tort liability through I.C. §§ 72–209(1)[1] and 72–211.[2] These limita-

---

1. "Subject to the provisions of section 72–223, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, spouse, depen-

dents, heirs, legal representatives, or assigns." I.C. § 72–209(1).

2. "Subject to the provisions of section 72–223, the rights and remedies herein granted to an

tions on the scope of employee remedies are together referred to as the "exclusive remedy rule". I.C. § 72–223 provides a limited exception to the exclusive remedy rule, allowing an injured worker eligible for worker's compensation benefits to bring a civil action for damages against certain third parties. The statute provides:

> [t]he right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party.

I.C. § 72–223(1). However, the Act also clearly excludes certain parties, known as statutory employers, from third-party liability.

> Such third party liability shall not include [1] those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code; nor include [2] the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed.

I.C. § 72–223(1). When a worker is faced with injuries arising from the tortious acts of these immune third parties, worker's compensation benefits are the exclusive remedy available to them. Thus, the definition of a statutory employer encompasses a party deemed an employer for the purposes of being liable for worker's compensation benefits under I.C. § 72–102, but who, by virtue of that liability, is also immune from third-party tort liability under I.C. § 72–223. *See Robison v. Bateman–Hall, Inc.*, 139 Idaho 207, 76 P.3d 951 (2003).

employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal rep-

## A. Summary Judgment for Montierth

### (1) *Statutory employer*

■ This Court has held that, in determining which entities are entitled to the protections of third party tort immunity pursuant to I.C. § 72–223, we look to the previously established statutory definition of "employer" found in I.C. § 72–102(12)(a), as interpreted by this Court. *Robison,* 139 Idaho at 211, 76 P.3d at 955. Montierth can only qualify as occupying the status of Mr. Venters' statutory employer if it either:

> [1] by contracting or subcontracting out services, is liable to pay worker's compensation benefits if the direct employer does not, or
>
> [2] was the owner/lessee of the premises, or other person who is virtually the proprietor or operator of the business there carried on, but who by reason of there being an independent contractor or for any other reason, is not the direct employer of the worker.

I.C. §§ 72–216, –102, –223; *Robison,* 139 Idaho at 210–11, 76 P.3d at 954–55.

It is clear from the record that Montierth lacked even an indirect contractual employment relationship with Mr. Venters and indeed, there was worker's compensation coverage provided by the direct employer, 3–C Trucking.

The district court determined that Montierth was a statutory employer. simply by virtue of its status as the owner of the premises on which the accident occurred, without addressing the "virtual proprietorship" prong of the test. This conclusion was in error. This Court recently explained that:

> [A] statutory employer does not include the mere owner of the premises, unless the owner is also the virtual proprietor or operator of the business there carried on. *Harpole v. State,* 131 Idaho 437, 440, 958 P.2d 594, 597 (1998). To determine who is a virtual proprietor or operator, the Court must consider whether the work being done pertains to the business, trade, or

resentatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease." I.C. § 72–211.

occupation of the owner or proprietor and whether such business trade, or occupation is being carried on by it for pecuniary gain. *Id.*

*Robison v. Bateman–Hall, Inc.*, 139 Idaho at 212, 76 P.3d at 956. The work being done in the instant case was the work of hauling wastewater. Nothing in the record indicates that Montierth was engaged in the business of hauling water for pecuniary gain. Thus, Montierth was not a statutory employer and is not entitled to the immunity provided by I.C. § 72–223.

*(2) Negligence claim*

■ Though Montierth does not meet the definition of Mr. Venters' statutory employer, the district court also found that the Venters had failed to raise a triable issue with regard to how Montierth had breached any applicable duty of care or how such breach proximately caused injury to the Venters. Montierth's motion for summary judgment was accompanied by affidavits filed by Edward Montierth and David Palfreyman, which both stated that Montierth had no responsibility for the wastewater dumping property, no supervisory control over employees or over the site, and had no responsibility for maintenance of the staging area where the accident occurred. The Court finds that these affidavits were sufficient to raise the question of whether or not there was any breach of duty or proximate cause, requiring the Venters to come forth with some evidence creating a genuine issue of material fact on these elements of their prima facie case at summary judgment.

■ The burden of proving the absence of material facts is upon the moving party. *Levinger v. Mercy Medical Center, Nampa,* 139 Idaho 192, 195, 75 P.3d 1202, 1205 (2003); I.R.C.P. 56(c). Once the moving party establishes the absence of a genuine issue by sufficiently raising the issue as to an element of the prima facie case, the burden shifts to the nonmoving party to show that a genuine issue of material fact on the challenged element of the claim does exist. *Id.* The party opposing summary judgment, therefore, "may not rest upon the mere allegations or denials of his pleadings, but his response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). This rule facilitates the dismissal of factually unsupported claims prior to trial.

Other than arguing in their briefing that Montierth owed Mr. Venters a duty of care under general landowner liability principles, the Venters filed no affidavit or deposition or any evidence to controvert the affidavits filed by Montierth. At summary judgment, the Venters were left only with the unverified allegations in their complaint charging that Montierth somehow failed to safely maintain the Sorrento-built tank/injection system, or safely maintain the staging area leading to the tank/injection system. This was not enough to raise a genuine issue of fact as to the issues of breach of duty or proximate cause and, therefore, the district court was correct in determining that Montierth was entitled to summary judgment.

**B. Summary Judgment for Sorrento**

■ The analysis set forth above as to statutory employer with respect to Montierth, applies as well to the issue raised by Sorrento. However, while the analysis as to Montierth related more to the question of whether it was an owner or lessee of the premises, the issue as to Sorrento relates to whether it is an employer hiring or contracting for services of a contractor or subcontractor. Idaho Worker's Compensation law, Idaho Code § 72–102(12)(a), defines the term "employer" as follows:

'[e]mployer' means any person who has expressly or impliedly hired or contracted the services of another. It includes contractors and subcontractors. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed.

I.C. § 72–102(12)(a). Furthermore, I.C. § 72–216(1) provides:

[a]n employer subject to the provisions of this law shall be liable for compensation to

an employee of a contractor or subcontractor under him who has not complied with the provisions of section 72–301 [Security of payment for compensation] in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. This Court has held "[t]he Idaho Code sections dealing with the concept of statutory employer 'are designed to prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others.'" *Spencer v. Allpress Logging, Inc.,* 134 Idaho 856, 860, 11 P.3d 475, 479 (2000) (quoting *Adam v. Titan Equip. Supply Corp.,* 93 Idaho 644, 646, 470 P.2d 409, 411 (1970)).

■ The statutory definition of "employer," when read and applied in conjunction with I.C. § 72–216(1), makes a statutory employer liable for payment of worker's compensation to an employee of its contractor whenever a contractor is liable to its employee under the Worker's Compensation Laws. *Id.* Therefore, an employee may have more than one employer for purposes of worker's compensation liability. This means that "the qualifying proprietor or operator is the 'employer' of the contractor's and subcontractor's *employees,* and the contractor is also an 'employer' of the subcontractor's *employees.*" *Runcorn v. Shearer Lumber Prod., Inc.,* 107 Idaho 389, 690 P.2d 324 (1984); *See* I.C. § 72–216(1). However, as this Court explained in *Robison,* this liability for payment of worker's compensation benefits comes with a quid pro quo, in the form of tort immunity. "[T]hose parties deemed employers for the purpose of being liable for worker's compensation benefits under I.C. § 72–102 are the same parties deemed immune from third-party tort liability under I.C. § 72–223." *Robison v. Bateman–Hall,* 139 Idaho 207, 211, 76 P.3d 951, 955 (2003).

As stated above, the legislature has separated two classes of statutory employers under I.C. §§ 72–102 and 72–223: [1] employers who make use of a contractor's or subcontractor's employees, and [2] owners, lessees of the premises, or other persons, who are also the virtual proprietor or operator of the business there carried on. *See*

*also Harpole v. State,* 131 Idaho at 440, 958 P.2d at 597. While Sorrento probably qualifies as a statutory employer under either test, and the district court so found, we will focus our analysis only on the first prong.

Sorrento qualifies as a statutory employer of Mr. Venters simply because of its contractual relationship with 3–C Trucking. As an employer of a contractor, Sorrento would not have been permitted to avoid liability to Mr. Venters under the Idaho worker's compensation statutes should 3–C Trucking have failed to comply with the worker's compensation statutes. *See Spencer v. Allpress Logging, Inc.,* 134 Idaho 856, 11 P.3d 475 (2000). As it happens here, 3–C provided worker's compensation coverage to Mr. Venters and benefits to the Venters, obviating the need for Sorrento's worker's compensation liability to come into play in this particular case. The district court correctly determined that Sorrento was the statutory employer of the direct employees of a contractor hired to perform wastewater removal from Sorrento's Nampa facility as part of the day to day operations of that facility. Therefore, Sorrento enjoys the immunities provided by the Act from third-party tort liability.

## C. Constitutionality of I.C. § 72–223

The Venters assert that I.C. § 72–223 violates the Idaho Constitution, Art. 1, § 2, Art. 1 § 3, and Art.1 § 18, as well as the United States Constitution, 9th and 14th Amendments, by stripping tort victims of their day in court and limiting the remedies available to them.

■ The Venters first argue that the statute violates the equal protection clauses of the state and federal constitutions to the extent it grants immunity to a statutory employer based only on contingent, secondary liability. Because workers' compensation statutes involve social and economic welfare issues, equal protection challenges to those statutes are subject to the rational basis test. *See, e.g., Robison v. Bateman–Hall,* 139 Idaho 207, 214, 76 P.3d 951, 958 (2003). In addressing equal protection violations, the Court must first identify the classification being challenged and, second, it must determine the constitutional standard of review.

*Id.* A statute will only be found to deny equal protection under the rational basis test if: (1) the classification is totally unrelated to the state's goals, and (2) there is no conceivable state of facts that will support the state's classification. *Idaho State Ins. Fund v. Van Tine,* 132 Idaho 902, 909, 980 P.2d 566, 573 (1999).

The classification the Venters assert here for purposes of equal protection analysis is "statutory employers who have been granted immunity from third party tort liability by I.C. § 72–223, in respect to all other parties who may be subject to third party liability. . . ." They contend that statutory employers should not be subject to third party tort liability when they in fact are the source of the workers' compensation benefits that are paid to an injured worker, but that I.C. § 72–223's grant of tort immunity takes the opposite position, and only grants immunity when that statutory employer has under him "contractors or subcontractors who have in fact complied with the provisions of section 72–301 Idaho Code." Since the immunity is nominally dependent on the actual absence of the statutory employer's liability under the Act, the Venters argue it lacks a rational basis for purposes of Equal Protection Clause analysis.

First, the Court notes the Venters have identified and are arguing for a class of which they are not a member and, therefore, they have no standing to advance the interests of employers who, by reason of not being statutory employers, are subject to tort claims.

Second, there is at a minimum, a rational basis for I.C. § 72–223's grant of immunity. The Act's purpose is to provide a sure and certain remedy for injured workers. As stated above, the Act's definition of employer was "designed to prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others who may be irresponsible and not insure their employees." *See Gifford v. Nottingham,* 68 Idaho 330, 341, 193 P.2d 831, 842 (1948). In return for fixing absolute liability on the primary contractor or operator of the facility (including making sure the primary operator only uses contractors who

comply with the Act), Section 8 of the Act grants to the primary contractor or operator of a facility immunity from suits under the common law. The quid pro quo under the Act still exists because I.C. § 72–223's grant of immunity comes only in connection with absolute liability on the part of the primary contractor or business operator to provide benefits under the Act if the employee's direct employer fails to do so. The fact that the primary employer may keep § 72–223's grant of immunity even though the direct employer has paid benefits and fulfilled its obligations under the law does not render the statute unconstitutional.

Next, the Venters claim that I.C. § 72–223 violates due process and the remedy clause of Idaho's constitution under Art.1, § 18. As to the due process claim, the Venters simply make a minimal argument that the immunity provision fails to bear a rational relationship to the promotion of public welfare. However, they raise only summary argument, and present no analysis justifying the challenge that I.C. § 72–223 is not rational under these circumstances. Therefore, the Court will not address the due process claim.

The remedies claim simply charges that the statute unconstitutionally limits the Venters' remedies to which they are entitled. First, Art. 1, § 18 merely admonishes Idaho courts to dispense justice and to secure citizens the rights and remedies afforded by the legislature or by the common law, and did not create any substantive rights. *Hawley v. Green,* 117 Idaho 498, 500–01, 788 P.2d 1321, 1323–24 (1990). Second, the Venters have not raised any argument that would question the legislature's policy decision to provide certain immunities that limit access to the courts to claimants as a trade-off to providing claimants sure and certain relief through the Act. Thus, this Court rejects the Venters' constitutional challenges to the statute.

### D. Attorneys Fees

The Venters make a brief reference to a request for attorneys' fees in a footnote at the end of their brief. We need not address the adequacy of that request as the

Venters are not the prevailing parties in this appeal. Montierth also requests attorney fees and costs on appeal, citing Idaho Appellate Rules 40 and 41, and I.C. § 12–121. They argue that although the Venters' appeal of the district court's decision applying I.C. § 72–223 cannot be characterized as frivolous or without foundation, the same cannot be said for their appeal of the district court's holding that Montierth owed no duty of care to Stanley Venters and that the Venters presented no evidence of a breach of any duty that was owed. The Court finds that the Venters appeal, while unsuccessful, was not frivolous or unreasonable and there is no basis for an award of fees in this matter.

## IV.

### CONCLUSION

While the district court erred in finding that Montierth, as a mere landowner, was Stanley Venters' statutory employer, the court's grant of summary judgment is affirmed on the alternate basis that the Venters failed to create a material issue of fact for trial that Montierth breached any applicable duty of care, or how that breach proximately caused injury. Summary judgment was also proper as to Sorrento, as Sorrento qualifies as Stanley Venters' statutory employer under I.C. § 72–223 and is, therefore, immune from third-party tort liability under the Act. Therefore, both summary judgment decisions are affirmed. We award costs on appeal to respondents.

Justices EISMANN and BURDICK concur.

Chief Justice SCHROEDER and Justice KIDWELL, Pro Tem., concur except for section III A(1), in which they concur in the result.

