# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32406

JOEY PIERCE,                                )
                                            )      **Eastern Idaho, October 2006 Term**
    **Claimant-Appellant,**            )
                                            )      **2007 Opinion No. 98**
v.                                          )
                                            )      **Filed: July 30, 2007**
SCHOOL DISTRICT #21, Employer, and )
STATE INSURANCE FUND, Surety,               )      **Stephen W. Kenyon, Clerk**
                                            )
    **Defendants-Respondents.**        )

Appeal from the State of Idaho Industrial Commission.  Thomas E. Limbaugh, Chairman presiding.

The decision of the Industrial Commission is affirmed.

Larsen Law Office, Pocatello, for appellant.

Steven R. Fuller, Preston, for respondents.

---

SCHROEDER, Chief Justice.

Joey Pierce, an employee of a roofing company that had contracted to repair school district roofs brought a worker's compensation claim alleging that the school district was his statutory employer.  His claim was denied by the Industrial Commission.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Joey Pierce was a roofer employed by Jerry Kelly, a sole proprietor dba Top Roofing. Top Roofing contracted with School District #21 to repair the roofs of various school buildings. While repairing a roof on the gymnasium Pierce fell and was injured.  Top Roofing did not have worker's compensation coverage; Pierce sought worker's compensation from the School District as his statutory employer.

The parties stipulated to bifurcate the issues in order to determine compensability of the claim before proceeding to other issues. An Industrial Commission referee heard oral arguments and evidence and recommended that the Industrial Commission find Pierce failed to prove that the School District was a statutory employer at the time of the accident. The Industrial Commission agreed with this recommendation.

## II.
## STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings." *Spencer v. Allpress Logging, Inc.,* 134 Idaho 856, 859, 11 P.3d 475, 478 (2000) (citing *Ogden v. Thompson*, 128 Idaho 87, 88, 910 P.2d 759, 760 (1996)). "Whether the Commission correctly applied the law to the facts is an issue of law over which we exercise free review." *Konvalinka v. Bonneville County*, 140 Idaho 477, 478, 95 P.3d 628, 629 (2004) (citing *Combes v. State*, *Indus. Special Indem. Fund*, 130 Idaho 430, 942 P.2d 554 (1997)).

## III.
## THE SCHOOL DISTRICT WAS A STATUTORY EMPLOYER

The statutory employer provision expands the definition of employer in order to "prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others who may be irresponsible and not insure their employees." *Harpole v. State*, 131 Idaho 437, 440, 958 P.2d 594, 597 (1998) (quoting *Runcorn v. Shearer Lumber Prod., Inc*., 107 Idaho 389, 392-93, 690 P.2d 324, 327-28 (1984)). This is consistent with the purpose of the worker's compensation law to provide "sure and certain relief for injured workmen and their families and dependents … regardless of questions of fault." I.C. § 72-201.

The worker's compensation statutory definition describes an employer as:

> [A]ny person who has expressly or impliedly hired or contracted the services of another. It includes contractors and subcontractors. It includes the owner or lessee of the premises, or other person who is virtually the proprietor or operator of the business carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workers there employed. If the employer is secured, it means his surety so far as applicable.

I.C. § 72-102(13)(a). The statutory definition is very broad. In the past the statutory employer analysis has focused upon the virtual proprietor language. *Harpole*, 131 Idaho at 440, 958 P.2d at 597. The test has developed into a question of whether the work being done pertained to the "business, trade, or occupation … carried on … for pecuniary gain." *Id.* at 440 (quoting *Jones v. Packer John Mines Corp.*, 60 Idaho 653, 657, 95 P.2d 572, 573 (1939)). The Industrial Commission referee relied upon this test in making the determination that the School District was not Pierce's statutory employer. However, the statutory employer doctrine summarized in *Harpole* was expanded by *Robison v. Bateman-Hall*, 139 Idaho 207, 76 P.3d 951 (2003).

In *Robison* the Court held that because an amendment to Idaho Code Section 72-223, which excludes two classes of employers from third-party tort liability, mirrored the definition of employer the legislature "intended to import [an additional class of employers to] the statutory employer analysis." *Robison*, 139 Idaho at 211, 76 P.3d at 955. This reading creates a balance within the act because the parties who are considered employers for purposes of the statutory employer analysis are also those who are immune from third-party tort liability. *Id.* The Court described statutory employers in two categories: category one, "those employers described in section 72-216, Idaho Code, having under them contractors or subcontractor who have in fact complied with the provisions of section 72-301;" and category two, the virtual proprietor type described in *Harpole*. *Id. Robison* enlarged the statutory employer analysis. *See* I.C. § 72-102(13)(a).

The category one employers are described in the worker's compensation statute section dealing with liability to employees of contractors and subcontractors:

> An employer subject to the provisions of this law shall be liable for compensation to an employee of a contractor or subcontractor under him who has not complied with the provisions of section 72-301 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. I.C. § 72-216.

Category one statutory employers are not an entirely new concept. Prior to *Robison*'s categorization of employers, the Court held that an employer who hired a contractor who hired a subcontractor who had not complied with the worker's compensation provisions was liable to pay benefits to an employee of the subcontractor. *Spencer*, 134 Idaho at 861, 11 P.3d at 480.

After *Robison* the Court revisited category one employers in another case holding that an independent contractor fell under the definition of "contractors or subcontractors" and could be

3

categorized as a statutory employer. *Kolar v. Cassia County*, 142 Idaho 346, 352, 127 P.3d 962, 968 (2005) (employee arguing that the County was not his statutory employer in order to assert third-party tort liability). In *Venters v. Sorrento Delaware, Inc*., 141 Idaho 245, 249, 108 P.2d 392, 396 (2005) the Court held that a party was not a category one statutory employer when there was not "even an indirect contractual employment relationship" with the party and worker's compensation coverage was provided by the direct employer. In each of these cases the court looked at the contractual employment relationship between the parties and whether the direct employer provided worker's compensation coverage. *Kolar*, 142 Idaho at 352, 127 P.3d at 968; *Venters*, 141 Idaho at 249, 108 P.3d at 396; *Spencer*, 134 Idaho at 861, 11 P.3d at 480.

In this case neither party articulates the difference between the categories of employers. The School District argued and the Industrial Commission relied upon the test for category two employers in deciding that the District was not liable to Pierce. Pierce cited *Robison* and *Venters* without articulating the category one employer analysis. The Industrial Commission determined the case on the theory presented to it. That decision is supported by the facts.

## IV.
## CONCLUSION

The decision of the Industrial Commission is affirmed.

Justices TROUT, EISMANN, BURDICK and JONES **CONCUR.**

4