188 P.3d 885

**Charles RUFFING, Plaintiff–Appellant–Cross Respondent,**

v.

**ADA COUNTY PARAMEDICS and Barbara Lindy McPherson, and John Does I through II, Defendants–Respondents–Cross appellants.**

No. 33514.

Supreme Court of Idaho,
Boise, May 2008 Term.

June 11, 2008.

Richard S. Owen, Nampa, for appellant.

Herzfeld & Piotrowski, LLP, Boise, for Amicus Curiae Professional Firefighters of Idaho and International Association of Firefighters Local Union 149. Alan Herzfeld argued.

Greg Bower, Ada County Prosecuting Attorney's Office, Boise, for respondents. Ray J. Chacko argued.

**J. JONES, Justice.**

Charles Ruffing, a Boise firefighter, sued the Ada County Paramedics and one of its employees, Barbara McPherson, after he sustained an injury while on duty. The district court granted summary judgment in favor of the defendants. Ruffing appeals, arguing the district court erred in several respects. Ada County cross-appeals, arguing the district court erred when it denied its expert witness costs. We vacate the district court's decision and remand.

**I.**

Charles Ruffing sued Ada County Paramedics and Barbara McPherson, an employee of Ada County Paramedics, after he sustained an injury while on duty as a firefighter with Boise City. On the day of the incident, Ruffing and McPherson were housed together at Fire Station 3, which is located on Gekeler Lane. In keeping with their usual practice for medical calls, both the firefighters and a paramedic team responded to a call that evening from Chili's Restaurant on Broadway Avenue. After medical assistance was rendered to the patient, the firefighters loaded her into the paramedics' ambulance. Ruffing then assisted McPherson in backing the ambulance. While she was backing the ambulance, McPherson hit a parked car. Ruffing alleges his left leg became pinned between the ambulance and the parked car, causing the injury for which he sought damages.

Ada County filed a motion for summary judgment, claiming Idaho's fireman's rule barred Ruffing's suit. Alternatively, Ada County argued that worker's compensation provided Ruffing's exclusive remedy based on the joint operations between the parties. The district court granted summary judgment, finding the fireman's rule barred Ruffing's personal injury action for public policy reasons. In addition, the district court found that Ada County was Ruffing's statutory employer for worker's compensation purposes, since the paramedics and firefighters were engaged in a joint function at Fire Station 3. Therefore, worker's compensation provided Ruffing's exclusive basis for recovery. The district court awarded Ada County $2,951.35 in costs as a matter of right, and $337.50 in discretionary costs. The court denied Ada County's requested expert witness fees on the basis that the deposition testimony of Ruffing's treating physicians was for the purpose of setting forth factual evidence, not expert opinions.

Ruffing appeals to this Court, arguing the district court erred by expanding Idaho's fireman's rule to preclude his recovery. In addition, Ruffing alleges the district court improperly applied I.C. § 72–223 to the facts of this case because Ada County is not his statutory employer. The Professional Fire Fighters of Idaho and International Association of Fire Fighters Local Union 149 filed an amicus brief in support of Ruffing's argument that the fireman's rule should not apply to the facts of this case. Ada County cross-appeals, alleging the district court erred when it denied its expert witness costs.

**II.**

In this case, we consider whether the fireman's rule bars recovery for Ruffing's injury; whether Ada County is Ruffing's statutory employer under I.C. § 72–223; and whether Ada County is entitled to recover expert

deposition costs for deposing Ruffing's treating physicians.

## A.

On appeal from a trial court's grant of summary judgment, this Court applies the same standard used by the district court originally ruling on the motion. *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 326, 48 P.3d 651, 655 (2002). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c). The court must construe all disputed facts in favor of the nonmoving party, and draw all reasonable inferences it can draw in favor of the nonmoving party. *Carnell*, 137 Idaho at 327, 48 P.3d at 656. Summary judgment is appropriate where the nonmoving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to the party's case. *Id.* If the evidence reveals no disputed issue of material fact, only a question of law remains, over which this Court exercises free review. *See Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272–73, 869 P.2d 1365, 1367–68 (1994).

## B.

The first issue revolves around the interpretation and application of the "so-called 'fireman's rule,'" which provides that neither a fireman nor a policeman may recover in tort when his injuries are caused by the same conduct that required his official presence." *Winn v. Frasher*, 116 Idaho 500, 501, 777 P.2d 722, 723 (1989). Because of the unusual posture of the *Winn* case—an interlocutory appeal of a summary judgment order holding the fireman's rule to be inoperable in the State of Idaho—the court ruled narrowly, holding the rule to be operable in Idaho but declining to flesh out its contours or apply it to the facts at issue there. After rejecting several legal theories for adopting the fireman's rule, the Court determined public policy was the most appropriate rationale for its adoption. "We are persuaded that public policy is the appropriate ground for us to consider whether the fireman's rule should apply in Idaho." *Id.* at 503, 777 P.2d at 725.

The Court relied heavily on a Michigan Supreme Court decision, *Kreski v. Modern Wholesale Electric Supply*, 429 Mich. 347, 415 N.W.2d 178 (1987), in evaluating the public policy considerations behind its adoption of the rule. The Court said, "The policy arguments for adopting a fireman's rule stem from the nature of the service provided by fire fighters and police officers, as well as the relationship between these safety officers and the public they are employed to protect." *Id.* at 503, 777 P.2d at 725 (quoting *Kreski*, 415 N.W.2d at 186–87). In addition, "The public hires, trains, and compensates fire fighters and police officers to deal with dangerous, but inevitable situations. Usually, especially with fires, negligence causes the occasion for the safety officer's presence." *Id.* (quoting *Kreski*, 415 N.W.2d at 186–87). The Court continued, "It is this relationship between police officers, fire fighters, and society which distinguishes safety officers from other employees. Thus, safety officers are not 'second-class citizens,' but, rather, are 'different' than other employees." *Id.* (quoting *Kreski*, 415 N.W.2d at 186–87). Thus, this Court adopted the firefighter's rule in Idaho: "For similar policy reasons, we declare that the fireman's rule applies in Idaho." *Winn*, 116 Idaho at 503, 777 P.2d at 725.

There was one concurring opinion, one special concurrence, and one dissent in *Winn*. Both parties rely in part on statements from these opinions to support their claims. Ruffing and amici contend the opinions support its contention that the Court must read the rule narrowly. The special concurrence expresses a reluctance to judicially adopt the rule. *Id.* at 504, 777 P.2d at 726 (Bistline, J., specially concurring) ("My initial impulse is to dissent on the basis that the establishment of the fireman's rule is a matter for the legislature."). The concurring opinions express concern that the majority declined to clarify the precise parameters of the rule. *See, e.g., id.* ("I suggest that meat be added to this bare bones statement of the

rule."). These concerns, along with the narrow scope the plain language of the rule commands, lead us to conclude we should read the rule narrowly here. It is the Legislature's prerogative to expand the rule should it desire to do so.

Ruffing and amici argue the district court's decision expands the fireman's rule as stated in *Winn*.[1] They contend the expansion "exposes Idaho fire fighters, police officers and emergency medical service providers to an even greater range of risks without recourse to the tort law protection available to other members of society." Amici argue that *Winn* the only Idaho case to consider the fireman's rule, supports their proposition that courts must define and apply the fireman's rule "as narrowly as possible." Specifically, amici contend the rule does not extend to immunize third-party co-responders. They claim that McPherson's alleged negligence occurred after and independently from the original call for medical assistance. Thus, it is not "the same conduct that required [Ruffing's] official presence." Therefore, amici conclude the *Winn* Court would not have extended the fireman's rule to bar Ruffing's claims "against a third party for negligence which was wholly unrelated to his reasons for being present on the scene and which occurred after his arrival at the scene."

Ada County relies heavily on the public policy grounds set out in *Kreski*. According to Ada County, the district court properly looked to *Kreski* when it held that the risks associated with and inherent in Ruffing's work fell within the ambit of the fireman's rule. Since the Court in *Winn* decided only the specific question of whether the fireman's rule exists in Idaho, it left a determination of the parameters of the rule to the district courts to develop in light of specific factual situations presented to them. Here, the district court highlighted the following public policy reasons:

> The important public policy of encouraging agencies to work together is vital to the

orderly and rational operation of the various public safety agencies employed within a city. Fear of being sued by an employee of the other agency for negligence could stifle an employee's or agency's response to a public safety emergency.

While we do not necessarily disagree with the district court, we observe that these public policy considerations are primarily the business of the Legislature. We now turn to consideration of the specifics of this case.

■ As stated in *Winn*, neither a firefighter nor a police officer may recover in tort when his injuries are caused by the same conduct that required his official presence. *See Winn*, 116 Idaho at 501, 777 P.2d at 723. Although the EMT units and firefighters were clearly involved in a joint safety operation, the particular conduct that caused Ruffing's injury falls outside the ambit of the rule stated in *Winn*. It was a call to respond jointly to a medical emergency which required both Ruffing's and McPherson's presence on the scene. However, the conduct that required Ruffing's presence was the medical emergency of a woman in Chili's restroom. McPherson's backing of the ambulance, which caused Ruffing's alleged injury, was not the "same conduct" that required his official presence. In order for the fireman's rule to reach the circumstances here, we would have to expand the rule stated in *Winn*, and we are not inclined to do so. Therefore, we find the fireman's rule does not bar Ruffing's claim here. The decision of the district court to the contrary is overruled.

## C.

■ Although it held that the fireman's rule barred Ruffing's claim, the district court further held Ada County was Ruffing's statutory employer and, therefore, worker's compensation provided Ruffing's exclusive remedy. We disagree.

I.C. § 72–209(1) provides that the liability of the employer under the worker's compensation law shall be exclusive and in place of all other liability of the employer to the

1. As noted above, the Professional Fire Fighters of Idaho and International Association of Fire Fighters Local Union 149 filed an amicus brief in this case. The amicus brief addresses the fire-

man's rule, which Ruffing's brief expressly adopts. Ruffing's briefing focuses primarily on the worker's compensation issue.

employee, *subject to the provisions of section 72–223.* (emphasis added). I.C. § 72–102(13)(a) defines "employer" as "any person who has expressly or impliedly *hired or contracted* the services of another." I.C. § 72–102(13)(a) (emphasis added). I.C. § 72–223 governs third party liability. The statute excludes two primary groups from third party liability: (1) employers of contractors and subcontractors (72–216) who have complied with 72–301 (security for payment of compensation); and (2) the owner or lessee of premises, or other person "who is virtually the proprietor or operator of the business there carried on." I.C. § 72–223(1). Aside from these exclusions, action may be instituted against any third party by the employee. *Id.* Ada County argues it is a statutory employer based on the first category, which excludes it from potential third party liability under I.C. § 72–223. The district court agreed, finding that although there was no contractual relationship between Ada County and Boise City, the parties nevertheless engaged in a joint function. The district court found this joint function sufficient, applying *Kolar v. Cassia County, Idaho,* 142 Idaho 346, 127 P.3d 962 (2005).

In *Kolar,* the plaintiff contended the Legislature's reference to "contractors or subcontractors" in § 72–223 excluded independent contractors from statutory employer status. *Kolar,* 142 Idaho at 352, 127 P.3d at 968. This Court rejected that argument and held that the respondents were category one employers, immune from suit. *Id.* at 353, 127 P.3d at 969.

> First, we have categorized independent contractors who employed the injured worker as "contractors or subcontractors" within the meaning of § 72–223.... An "employer" is "any person who has expressly or impliedly hired or contracted the services of another." I.C. § 72–102(12)(a). This definition "includes contractors and subcontractors." *Id.* It is undisputed that the respondents contracted the services of JUB Engineers. They are therefore an "employer" within the meaning of that term as it is found in § 72–223(1).

*Id.* at 352, 127 P.3d at 968 (additional citations omitted). The Court further noted that Kolar was the direct employee of JUB (the subcontractor), which operated under a contract with an owner of the construction project. *Id.* at 353, 127 P.3d at 969. *See also Venters v. Sorrento Delaware, Inc.,* 141 Idaho 245, 249, 251, 108 P.3d 392, 396, 398 (2005) (Sorrento qualified as a statutory employer of Venters "simply because of its contractual relationship with 3–C Trucking"); *Robison v. Bateman–Hall, Inc.,* 139 Idaho 207, 213, 76 P.3d 951, 957 (2003) ("There are a number of recent cases addressing the scope of statutory employer liability without considering the nature of the business being contracted in relation to the nature of the contracting party's business.... In these cases, the contract itself, including identifying the specific contracting parties, is of primary import."); *Pierce v. Sch. Dist. # 21,* 144 Idaho 537, 539, 164 P.3d 817, 819 (2007) (discussing application of the category one statutory employer concept, "In each of these cases the court looked at the contractual employment relationship between the parties and whether the direct employer provided worker's compensation coverage.").

*Kolar* does not apply under the facts here. In *Kolar,* there was a direct contractual relationship between Kolar's actual employer and the purported statutory employer. In this case, there is no evidence of a contract between the two agencies. Although the agencies work together, Ada County does not contend there was a contractual relationship between them. The case before us is factually distinct from cases where this Court has applied the category one exception to grant the employer immunity. Because there is no evidence of a contract here, there can be no statutory employer relationship. Therefore, worker's compensation does not preclude Ruffing's third party suit against Ada County. The district court's decision to the contrary is overruled.

### D.

The district court awarded Ada County the costs it incurred below, except for expert witness fees incurred in taking the depositions of Ruffing's treating physicians. Ada

County has cross-appealed, claiming that the district court erred in failing to grant expert witness fees. However, because of our vacation of the district court's summary judgment, this issue has been rendered moot. We vacate the cost award.

### III.

We vacate the district court's summary judgment order in its entirety and remand for further proceedings consistent with this opinion. Costs on appeal are awarded to Ruffing.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON concur.

