124 P.3d 996

**Cecilio GONZALEZ and Herminia Gonzalez, husband and wife, Plaintiffs–Appellants,**

v.

**LAMB WESTON, INC., a Delaware corporation, Defendant–Respondent,**

and

**Brask Enterprises, Inc., a Texas corporation; Sebright Products, Inc., a Michigan corporation; and John Doe and Jane Doe, husband and wife, I through X, and Business Entities I through X, Defendants.**

No. 30910.

Supreme Court of Idaho, Twin Falls, November 2005 Term.

Nov. 22, 2005.

Pedersen and Jackson, Twin Falls, for appellants. Jarom A. Whitehead argued.

Moore & Baskin, LLP, Boise, for respondent. Michael W. Moore argued.

EISMANN, Justice.

This is an appeal from a partial summary judgment dismissing this action as to Lamb Weston, Inc., because it was the statutory employer of the injured plaintiff and therefore immune from liability under Idaho Code § 72–223(1). We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Lamb Weston, Inc., (Lamb Weston) makes and packages frozen potato products at its Twin Falls plant for sale to retailers, food service suppliers, and others. The plant operations generate non-recyclable waste that Lamb Weston must dispose of. It disposes of some of the waste by having its employees haul it to a local transfer station using Lamb Weston equipment. It also contracted with P.S.I. Waste Systems (PSI) to haul waste to the transfer station. Under its contract with PSI, Lamb Weston was required to provide a garbage bin with a forty-yard capacity (the size of a large dump truck) that could be loaded onto a specially designed truck used by PSI. Lamb Weston provided the bin by leasing it from Brask Enterprises, Inc. The bin is enclosed on all sides and attached at one end to a compactor unit. Lamb Weston employees would dump garbage into the compactor, which would compact the trash into the bin through a small opening. When the bin needed to be emptied, a PSI employee would drive to the plant, load the bin onto a truck, and transport it to the transfer station. After emptying the bin at the transfer station, the PSI employee would return it to the Lamb Weston plant.

On October 17, 2002, Cecilio Gonzalez, a PSI employee, drove to the Lamb Weston plant to empty the bin. After loading it onto the PSI truck, Mr. Gonzalez drove to the transfer station, got out of the truck, and removed the safety pin to open the door of the bin. The door immediately flew open, striking Mr. Gonzalez in the face and injuring him. He contends that Lamb Weston employees had packed too much trash into the bin, which was a cause of the door suddenly flying open when the safety pin was pulled.

Mr. Gonzalez and his wife filed this action against Lamb Weston and others seeking to recover damages for personal injury. Lamb Weston moved for summary judgment dismissing it from the lawsuit on the ground that as Mr. Gonzalez's statutory employer, it was immune from liability under Idaho Code § 72–223(1). The district court agreed and entered a partial judgment dismissing this lawsuit as to Lamb Weston. After the district court certified the judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure, the Gonzalezes appealed.

## II. ANALYSIS

This case is controlled by our recent opinion in *Venters v. Sorrento Delaware, Inc.*, 141 Idaho 245, 108 P.3d 392 (2005). Sorrento Delaware, Inc., (Sorrento) operated a cheese factory which produced a large amount of

wastewater, which it had to dispose of. It discharged some of the wastewater into on-site holding ponds and onto farmland surrounding its factory. It also contracted with farmers to dump wastewater into large storage tanks on their properties. The farmers would then use the wastewater for irrigation. Sorrento owned the storage tanks placed on the farmers' properties and contracted with 3–C Trucking to haul wastewater from the factory to the storage tanks. 3–C Trucking hired Mr. Venters to drive one of its tanker trucks. During the pre-dawn hours of his first day of work, he drove a load of wastewater from the cheese factory to the property of one of the farmers. While Mr. Venters was standing near his truck waiting his turn to empty the wastewater into a storage tank, another tanker truck driver who had just emptied his load ran over Mr. Venters, causing fatal injuries. Mr. Venters's widow and son brought a wrongful death action against Sorrento and the farmer. The district court granted summary judgment to both Sorrento and the farmer, dismissing the action. We upheld the dismissal of the action as to Sorrento on the ground that it was Mr. Venters's statutory employer, and therefore immune from liability under Idaho Code § 72–223(1). We stated:

> Sorrento qualifies as a statutory employer of Mr. Venters simply because of its contractual relationship with 3–C Trucking. As an employer of a contractor, Sorrento would not have been permitted to avoid liability to Mr. Venters under the Idaho worker's compensation statutes should 3–C Trucking have failed to comply with the worker's compensation statutes.

141 Idaho at 251, 108 P.3d at 398. The same reasoning applies to this case.

Under the Idaho worker's compensation laws, an "employer" is more broadly defined than under the common law. An employee may have more than one employer: the employer who directly hired the employee and a person or entity who, by statute, is also held to be the employer for the purposes of worker's compensation. *Struhs v. Protection Technologies, Inc.*, 133 Idaho 715, 992 P.2d 164 (1999). Although these "statutory employers" can be held liable for worker's compensation benefits, they also enjoy immunity from liability for common law torts. *Robison v. Bateman–Hall, Inc.*, 139 Idaho 207, 76 P.3d 951 (2003).

Idaho Code § 72–223(1) grants immunity from tort liability to two categories of statutory employers: (1) "those employers described in section 72–216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72–301, Idaho Code" and (2) "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed." Only Lamb Weston's immunity under the first category was raised below. We will therefore only address that category.

At the time of Mr. Gonzalez's injury, Lamb Weston was an employer described in Idaho Code § 72–216 [1] because it had under it a contractor [2] (PSI) and Lamb Weston would have been liable to the contractor's employee (Mr. Gonzalez) for worker's compensation benefits if the contractor had not provided the coverage. *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 690 P.2d 324 (1984). Since PSI had in fact complied with the provisions of Idaho Code § 72–301 by providing worker's compensation coverage, Lamb Weston is immune from liability for Mr. Gonzalez's injuries.

Mr. Gonzalez seeks to distinguish *Venters v. Sorrento Delaware, Inc.*, on the ground

---

**1.** Idaho Code § 72–216(1) provides:

> An employer subject to the provisions of this law shall be liable for compensation to an employee of a contractor or subcontractor under him who has not complied with the provisions of section 72–301[, Idaho Code,] in any case where such employer would have been liable for compensation if such employee had been working directly for such employer.

**2.** When determining who is a statutory employer, we have construed "contractor" and "subcontractor" as meaning an independent contractor. *Spencer v. Allpress Logging, Inc.*, 134 Idaho 856, 11 P.3d 475 (2000); *Runcorn v. Shearer Lumber Prods., Inc.*, 107 Idaho 389, 690 P.2d 324 (1984); *Findley v. Flanigan*, 84 Idaho 473, 373 P.2d 551 (1962).

that PSI did not haul waste exclusively for Lamb Weston while 3-C Trucking may have hauled wastewater exclusively for Sorrento. There is no requirement in Idaho Code § 72-223(1) that the contractor under the employer work exclusively for that employer.

Finally, Mr. Gonzalez contends that statutory employers should be limited to those who intended to avoid liability for worker's compensation benefits by subcontracting work out to others. He correctly notes that the expanded definition of employer was designed to prevent an employer from avoiding liability under the worker's compensation laws by subcontracting the work to others who may be irresponsible and not insure their employees. *Runcorn v. Shearer Lumber Prod., Inc.,* 107 Idaho 389, 690 P.2d 324 (1984). He argues that the scope of immunity should be no broader than the purpose for creating "statutory employers."

The legislature did not engraft into the statutes defining those who are called statutory employers any requirement that they have the intent to circumvent the worker's compensation laws. Employers certainly may engage the services of contractors for other reasons. Although the legislature's purpose in broadening the definition of employer was to prevent circumvention of the worker's compensation laws, it did not require that a person or entity have such intent in order to be classified as a statutory employer. Indeed, under Gonzalez's argument, those who hired contractors with the intent of circumventing the worker's compensation laws would have immunity, while those who hired contractors for other reasons would not.

## III. CONCLUSION

We affirm the judgment of the district court dismissing the complaint as to Lamb Weston and award costs on appeal to Lamb Weston.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.

