# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34771

JENNIFER L. BLAKE,

    Plaintiff-Appellant,

v.

DELBERT L. STARR,

    Defendant-Respondent.

Boise, January 2009 Term

2009 Opinion No. 24

Filed: March 4, 2009

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County.  The Hon. Gregory M. Culet, District Judge.

Summary Judgment for defendant in personal injury action, affirmed.

Goicoechea Law Offices, Chtd., Boise, and Lojek Law Offices, Boise, for appellant.  Donald Lojek argued.

Cantrill, Skinner, Sullivan and King, LLP, Boise, for respondent.  Daniel Skinner argued.  David Cantrill appeared.

WALTERS, J. Pro Tem

Jennifer L. Blake (Blake) appeals from an order awarding summary judgment to Delbert L. Starr (Starr) in Blake's action to recover damages in a personal injury action.  Starr was alleged to have injured Blake when the front end loader Starr was operating struck and ran over Blake while she was working as a flagger on an Ada County Highway District project.  We affirm the order granting summary judgment.

## I.  FACTS AND PROCEDURE

Blake was injured while working for Traffic Products & Services (TPS), a subcontractor providing flagging service to the primary contractor, Idaho Sand and Gravel (ISG), on a construction site.  Starr, an employee of ISG, was operating a Caterpillar model front end loader on the construction site, when the loader struck and injured Blake.  Blake was struck from behind

when Starr raised the bucket of the loader, apparently obstructing his ability to see objects and persons in front of him, and drove forward into and over Blake. Starr backed up the machine and ran over Blake a second time, dragging her along the ground until someone caught his attention. Blake was seriously injured.

Blake filed suit against Starr to recover damages for her injuries. The district court granted summary judgment to Starr, ruling that Starr was exempt from liability under I.C. § 72-209(3). Blake timely appealed to this Court.

## II. ISSUES PRESENTED ON APPEAL

We are asked to address two issues on this appeal. First, did the district court err in holding that Starr was exempt from liability under I.C. § 72-209(3)? Second, is Starr entitled to an award for attorney fees on appeal?

## III. STANDARD OF REVIEW

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Conway v. Sonntag*, 141 Idaho 144, 146, 106 P.3d 470, 472 (2005). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id*. Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id*. If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id*.

## IV. ANALYSIS

**1. Did district court err in holding Starr exempt from liability under I.C. § 72-209(3)?**

> **A. Idaho's Worker's Compensation Law provides the exclusive remedy of employees against employers for injuries arising out of and in the course of employment.**

The Idaho Worker's Compensation Act (Act) provides employees a definite remedy for injuries arising out of and in the course of employment. I.C. § 72-201; *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 209, 76 P.3d 951, 953 (2003). In *Kolar v. Cassia County Idaho*, 142 Idaho 346, 127 P.3d 962 (2005), this Court repeated that, with few exceptions, the Idaho legislature has

removed all workplace injuries from "private controversy," by crafting a system whereby "sure and certain relief" would be provided to injured workers regardless of fault. *Id.* at 351, 127 P.3d at 967; *see also Venters v. Sorrento*, 141 Idaho 245, 248–49, 108 P.3d 392, 395–96 (2005). This relief is provided "to the exclusion of every other remedy, proceeding, or compensation, except as is otherwise provided in the worker's compensation scheme." *Kolar*, 142 Idaho at 351–52, 127 P.3d at 967–68. *See also* I.C. § 72-209(1);[1] I.C. § 72-211.[2]

It is undisputed that Blake and Starr were working within the normal course and scope of their employment. This case concerns the proper interpretation of the limited exception of third party tort liability set forth in the Act.

### B. Idaho Sand and Gravel is a category one statutory employer of Traffic Products & Services employees, and therefore protected from tort suit by the exclusive remedy rule.

The Act provides a limited exception to the exclusive remedy rule, allowing an injured worker who is eligible for worker's compensation benefits to bring a civil action for damages against certain third parties. *Venters*, 141 Idaho at 249, 108 P.3d at 396. Idaho Code § 72-223(1) provides:

> The right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party. Such third party shall not include those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code; nor include the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent

---

[1] I.C. § 72-209(1) provides:
Subject to the provisions of section 72-223, the liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee, spouse, dependents, heirs, legal representatives, or assigns.

[2] I.C. § 72-211 provides.
Subject to the provisions of section 72-223, the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or disease.

contractor or for any other reason, is not the direct employer of the workmen there employed."

The Act "specifically excludes certain employers from third party liability." *Fuhriman v. State, Dept. of Transp.*, 143 Idaho 800, 804, 153 P.3d 480, 484 (2007). The plain language of I.C. § 72-223 refers to the term "employer" which has a specific definition under the Act. The previously established statutory definition of "employer" is found in I.C. § 72-102(13)(a). As presented by this Court in *Fuhriman*, that definition has two categories. *Id.* Under the first category, a statutory employer "means any person who has expressly or impliedly hired or contracted the services of another. It includes contractors and subcontractors." *Id.*

This Court also explained in *Gonzales v. Lamb Weston, Inc.*, 142 Idaho 120, 122, 124 P.3d 996, 998 (2005), that the term "employer" is more broadly defined under the Idaho Worker's Compensation Laws than under the common law. "An employee may have more than one employer: the employer who directly hired the employee and a person or entity who, by statute, is also held to be the employer for the purposes of worker's compensation." *Id.* The Court clarified the legal position of statutory employers by stating that while they "can be held liable for worker's compensation benefits, they also enjoy immunity from liability for common law torts." *Id.*

In *Robison*, this Court held that a statutory employer was anyone who, by contracting or subcontracting out services, is liable to pay worker's compensation benefits if the direct employer does not pay those benefits. *Robison*, 139 Idaho at 210–11, 76 P.3d at 954–55. In *Fuhriman,* this Court reviewed the proper approach to evaluating whether a party qualifies as a statutory employer in relation to Idaho Code §§ 72-102(13)(a), 72-223(1) and 72-216. *Fuhriman,* 143 Idaho at 804-05, 153 P.3d at 484-85. "In order to qualify as a category one statutory employer, the employer by contracting or subcontracting out services, must be liable to pay worker's compensation benefits if the direct employer does not." *Id.* at 805, 153 P.3d at 485. (citing *Venters*, 141 Idaho at 249, 108 P.3d at 396). "The Court has summarized the I.C. § 72-223 category one protection for employers as including 'employers who make use of a contractor's or subcontractor's employees.'" *Id.*

Blake concedes that because TPS complied with § 72-301 by procuring worker's compensation coverage, ISG "may be" a third party exempt from suit. Blake argues, however, that the definition of employers in I.C. §§ 72-216 and 72-223(1) are mutually exclusive. Blake

4

contends that because TPS had complied with § 72-301, ISG is not one of the employers described in I.C. § 72-216. Blake questions whether ISG can qualify for third party exemption under I.C. § 72-223(1), concluding "this issue may be visited through a subsequent action directly against ISG."

This Court has not held I.C. §§ 72-216 and 72-223(1) to be mutually exclusive. To the contrary, this Court harmonized these provisions in *Venters,* stating that I.C. § 72-223(1) "clearly excludes certain parties, known as statutory employers from third party liability. Such third party liability shall not include those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code." *Venters,* 141 Idaho at 249, 108 P.3d at 396. There is nothing ambiguous or contradictory in these provisions of the Act. ISG was an employer described in I.C. § 72-216 because it had under it a contractor (TPS) and ISG would have been liable to the contractor's employee (Blake) for worker's compensation benefits if the contractor had not provided coverage. *Gonzalez*, 142 Idaho at 122, 124 P.3d at 998. Blake represents that TPS had complied with I.C. § 72-301 by providing worker's compensation benefits for its employees, and in her argument Blake states she was covered by TPS's insurance "to the extent the worker's compensation system allows." If, as Blake argues, TPS did in fact comply with the provisions of I.C § 72-301, then ISG is immune from liability for Blake's injuries. *Id.* Under this Court's recent holdings and the plain language of the Worker's Compensation Act, ISG is a category one statutory employer of TPS's employees, and therefore protected from tort suit by the exclusive remedy rule. The parties agree that ISG and TPS had a contractual relationship at the time of the accident, and that both Blake and Starr were working within the normal course and scope of their employment. Because ISG "expressly . . . contracted the services" of TPS, it meets the definition of a statutory employer. *See* I.C. § 72-102(13)(a). TPS was liable to its employees for employment related injuries. Because ISG is a statutory employer it would have had to pay worker's compensation benefits to Blake if TPS had not paid those benefits. *Fuhriman*, 143 Idaho at 805, 153 P.3d at 485. Therefore, ISG is a statutory employer immune from third party liability under Idaho Code § 72-223(1).

## C. Idaho Sand and Gravel's immunity from suit is extended to its employees by I.C. § 72-209(3).

The Idaho legislature has expressly extended the employer's immunity from liability "to

5

the employer's surety and to all officers, agents, servants and employees of the employer or surety." Idaho Code § 72-209(3). In *White v. Ponozzo*, 77 Idaho 276, 291 P.2d 843 (1955), White and Ponozzo Brothers, logging contractors, entered into a contract of employment agreement whereby White agreed to haul logs using his own truck and furnishing the gas, oil, maintenance and repair necessary to keep the truck operational. *White*, 77 Idaho at 278, 291 P.2d at 843. White received payment based on the amount of feet of lumber in the logs hauled. *Id.* A portion of this amount was deducted and paid to White as wages, the balance being paid to him for equipment hire. Evidence showed he had been paid on the basis of an eight-hour day. *Id.* at 278, 291 P.2d at 844. White was injured on his way to repair a failed transmission bearing in the truck he employed to haul logs, when his vehicle collided with a truck owned by Ponozzo Brothers, and driven by one of their employees, Dykes. *Id.* While White argued he was working for himself at the time of the accident because his contract required him to maintain his own truck at his own expense, the Court held that the accident arose out of and in the scope of his employment. *Id.* at 279-80, 291 P.2d at 844-45. The Court also held that Dykes and White were co-employees, and that as such, Dykes was immune from tort liability. *Id.* at 280, 291 P.2d at 845. The Court analyzed the relationship employing basic principles of agency law:

> His acts and conduct became the acts and conduct of the employer, and the exemption from damages at law extended to the employer by the Workmen's Compensation Law is also by that act extended to co-employees through whom the employer acts. Thus *the co-employee becomes merged in the employer and is not a third person*, within the meaning of the compensation law, against whom a damage action may be maintained.

*Id.* (emphasis added.)

Blake argues that she was not employed by the employer of Starr. It is said in her brief on appeal that "Jennifer would and must freely admit that if both she and Delbert Starr were both direct employees of ISG she would be unable to sue Starr because of the operation of § 72-209(3)." Blake submits that Starr does not fall within § 72-209 "both logically and by the limiting language of the statute." Although Blake suggests that Starr's status is unrelated to his employer's relationship with her, she conceded at oral argument in the district court that an employer acts through its employees.

The plain language of the statute encompasses every relationship in which the employer

6

could be held liable through *respondeat superior*. I.C. § 72-209(3). Allowing a suit against an employee of a statutory employer would create vicarious liability for the employer who is otherwise statutorily immune from liability. I.C. §§ 72-209(1) and 72-223. In enacting the Worker's Compensation Act, the legislature intended to "provide sure and certain relief for injured workmen . . . regardless of fault and to the exclusion of every other remedy." *Page v. McCain Foods, Inc.*, 141 Idaho 342, 346, 109 P.3d 1084, 1088 (2005). Furthermore, the legislature intended "not only to provide relief for workers but also to protect industry by providing a limit on liability." *Meisner v. Potlach Corp.*, 131 Idaho 258, 262, 954 P.2d 676, 680 (1998).

The purpose behind the various provisions of the worker's compensation law leads to the conclusion that the employee of a statutory employer and the employee of his employer's subcontractor are statutory co-employees under § 72-209(3). In accordance with the agency relationship set forth in *White*, Starr, an employee of ISG, "becomes merged" in ISG and "is not a third person, within the meaning of the compensation law, against whom a damage action may be maintained." *White*, 77 Idaho at 280, 291 P.2d at 845. In other words, a statutory employer's immunity from suit under I.C. § 72-223 must logically and necessarily be extended to its employees through I.C. § 72-209(3) to fulfill the purpose of the Idaho Worker's Compensation Act. To hold otherwise would undermine the entire framework of liability and immunity provided by the worker's compensation law.

Accordingly, this Court concludes that the district court did not err in holding Starr exempt from liability under I.C. § 72-209(3).

**2. Attorney fees on appeal.**

Starr requests attorney fees on appeal under Idaho Code § 12-121. Under that statute, attorney fees will be awarded to the prevailing party when this Court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *Andrus v. Nicholson*, 145 Idaho 774, 779, 186 P.3d 630, 635 (2008). When there are fairly debatable questions attorney fees are not awardable pursuant to this statute. *National Union Fire Ins. Co. of Pittsburgh P.A. v. Dixon*, 141 Idaho 537, 542, 112 P.3d 825, 830 (2005). Cases of first impression ordinarily do not constitute an area of settled law. *Id.* (citing *Purco Fleet Services, Inc. v. Idaho State Dept. of Finance*, 140 Idaho 121, 127, 90 P.3d 346, 352 (2004)).

7

This appeal sought determination of an issue not heretofore expressly decided by this Court and therefore involved a case of first impression. The appeal was not brought frivolously, unreasonably or without foundation. Therefore we refrain from awarding Starr attorney's fees under I.C. § 12-121.

## V.  CONCLUSION

The district court did not err in holding Starr exempt from liability under I.C. § 72-209(3). The judgment entered by the district court is affirmed. Costs on appeal are awarded to the respondent; no attorney fees on appeal are awarded.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR.**