# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46587

MICHAEL RICHARDSON,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　Plaintiff-Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Z & H CONSTRUCTION, LLC,　　　　　　)
HERNANDEZ FRAMING, LLC, and　　　　)
PLUMBING UNLIMITED, LLC,　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**Boise, November 2019 Term**
　　Defendants-Respondents,　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**Opinion Filed: March 20, 2020**
and　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**Karel A. Lehrman, Clerk**
ZANE SHIPPY, HOLLY SHIPPY, JOHN　)
DOE I, employee of Z & H　　　　　　　)
CONSTRUCTION, LLC; JOHN DOE III,　)
employee of HERNANDEZ FRAMING,　)
LLC; and JOHN DOES VI-X,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　Defendants.　　　　　　　　　　　)
_____　)

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Davis F. VanderVelde, District Judge.

The district court's order granting summary judgment is affirmed.

Skaug Law, P.C., Nampa, for appellant. Matthew C. Andrew argued.

Brassey Crawford, PLLC, Boise, for respondent Plumbing Unlimited, LLC.

Perkins, Mitchell, Pope & McAllister, LLP, Boise and Clausen Miller, P.C., Chicago, Illinois, for respondent Hernandez Framing, LLC. Melinda Kollross argued.

Madsen Beck, PLLC, Meridian, for respondent Z&H Construction, LLC.

_____

BRODY, Justice.

1

This case addresses the scope of co-employee immunity under the Idaho Worker's Compensation Law. Michael Richardson was injured while working and attempted to recover personal injury damages outside of the worker's compensation system. Hayden Homes subcontracted with Z&H Construction, LLC, Plumbing Unlimited, LLC, and Alignment Construction, LLC for various aspects of a new construction project. Richardson was employed by Alignment, and worked on Hayden's construction project. He was injured when he fell through a crawl space cover at the construction site. He received a worker's compensation award from the worker's compensation insurer for his direct employer, Alignment. After Richardson received his worker's compensation award, he sued Z&H, Hernandez Framing, LLC (a subcontractor of Z&H), and Plumbing Unlimited (collectively, the "Respondent LLCs"), alleging negligence in the construction of the crawl space cover. The district court granted the Respondent LLCs' motion for summary judgment, determining that the Respondent LLCs are Richardson's statutory co-employees and immune from suit pursuant to Idaho Code section 72-209(3). We affirm the district court's order granting summary judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Hayden Homes, a general contractor and home builder, was constructing residential homes in the Sands Pointe subdivision in Nampa, Idaho. Hayden hired various subcontractors for the construction of a home located at 1503 West Cactus Street (the Property). Hayden hired Alignment for finish carpentry, Z&H for framing work, and Plumbing Unlimited for plumbing work on the Property. Z&H subsequently hired Hernandez as a subcontractor to complete the framing work. Hayden provided the project plans for the Property and managed the overall construction project.

In September 2015, Richardson was working for Alignment on the Property. While Richardson was preparing finishing equipment in the closet of the master bedroom, he stepped over a crawl space cover. The crawl space cover collapsed, causing Richardson to fall into the crawl space. Richardson sustained rib, neck, and spine injuries, and ultimately required spinal fusion surgery on five vertebrae in his neck. Richardson received worker's compensation benefits through Alignment's worker's compensation insurer.

Hernandez physically performed the framing work on the Property, including the construction of the crawl space cover at issue. Z&H and Hayden both inspected Hernandez's framing work after it was completed. Plumbing Unlimited had access to the Property and crawl

space between the time Hernandez completed the framing work and Richardson's accident. Richardson sued Z&H for negligence and negligent supervision. Richardson later amended his complaint to include Hernandez and Plumbing Unlimited as co-defendants. The Fourth Amended Complaint alleged that the Respondent LLCs acted negligently through their "John Doe" employees in building the crawl space and cover.

Hernandez and Z&H filed motions for summary judgment, arguing that Richardson's claims were barred by the exclusive remedy provision of the Idaho Worker's Compensation Law. Hernandez and Z&H argued that the law provides umbrella-like immunity to all subcontractors under a common statutory employer. Hernandez and Z&H argued that because they were both hired by Hayden—as was Richardson's employer, Alignment—their employees on the jobsite were statutory co-employees of Richardson. Thus, Hernandez and Z&H argued that because Richardson was injured in the scope of his employment and received a worker's compensation award for his injuries, Idaho Code section 72-211, the exclusive remedy provision, bars Richardson's tort claims associated with his workplace injury.

In response to the summary judgment motions, Richardson argued that the Worker's Compensation Law provides immunity in a hierarchical fashion, only insulating contractors and subcontractors from suit if they would be liable to Richardson if his direct employer had failed to carry worker's compensation insurance at the time he was injured. Richardson also argued that the entities Hernandez and Z&H could not be considered employees of Hayden, because only "natural people [are] considered employees for the purposes of the [Worker's Compensation Law]."

After oral argument on the motions, the district court granted summary judgment for Hernandez and Z&H. The district court first noted that under Idaho Code section 72-223(1), statutory employers are immune from liability. Further, the district court explained that the legislature expressly extended statutory employers' immunity from liability to the "employer's surety and to all officers, agents, servants and employees of the employer or surety." The district court relied on this Court's decision in *Blake v. Starr*, 146 Idaho 847, 851, 203 P.3d 1246, 1250 (2009), which held that the employee of a statutory employer and the employee of the statutory employer's subcontractor are statutory co-employees under Idaho Code section 72-209(3). Accordingly, the district court held that Hernandez, Z&H, and Richardson were statutory co-employees, and granted Hernandez and Z&H summary judgment. The parties subsequently

3

stipulated that the district court's summary judgment order also granted Plumbing Unlimited summary judgment. Thereafter, the district court entered a final judgment, dismissing Richardson's claims with prejudice. Richardson filed a timely notice of appeal.

## II.   STANDARD OF REVIEW

When this Court reviews a lower court's ruling on a summary judgment motion, this Court applies the same standard of review the lower court utilized in ruling on the motion. *Idaho First Bank v. Bridges*, 164 Idaho 178, 182, 426 P.3d 1278, 1282 (2018); *Hansen v. City of Pocatello*, 145 Idaho 700, 702, 184 P.3d 206, 208 (2008). Thus, summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bridges*, 164 Idaho at 182, 426 P.3d at 1282. Any disputed facts and reasonable inferences are construed in favor of the non-moving party, and the Court freely reviews the questions of law. *Id.* "This Court exercises free review over statutory interpretation because it presents a question of law." *State v. Amstad*, 164 Idaho 403, 405, 431 P.3d 238, 240 (2018).

## III.   ANALYSIS

### A.  The exclusive remedy rule.

This case requires the Court to consider the scope of tort immunity provided by the Idaho Worker's Compensation Law. The Idaho Worker's Compensation Law is a compromise between injured workers and their employers that provides employees a definite remedy for injuries arising out of and in the course of their employment. I.C. § 72-201; *Marek v. Helca, Ltd.*, 161 Idaho 211, 215, 384 P.3d 975, 979 (2016); *Blake*, 146 Idaho at 848–49, 283 P.3d at 1247–48. With few exceptions, the Idaho legislature has removed workplace injuries from private controversy by creating a system that is intended to provide sure and certain relief to injured workers regardless of fault. I.C. § 72-201; *Kolar v. Cassia Cnty.*, 142 Idaho 346, 351, 127 P.3d 962, 967 (2005). This "sure and certain relief" is provided to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in the statutory framework. I.C. §§ 72-201, 72-209, and 72-211; *Kolar*, 142 Idaho at 351–52, 127 P.3d at 967–68. This is known as the "exclusive remedy rule." *Robinson v. Bateman-Hall, Inc.*, 139 Idaho 207, 209, 76 P.3d 951, 953 (2003).

The Idaho Worker's Compensation Law does not extinguish tort liability against a "third party" nor is the right to compensation affected by the fact that a "third party" may be held responsible for monetary damages. Rather, the Worker's Compensation Law dictates who is *not*

4

considered a "third party" for the purposes of the statute. Section 72-223(1) states:

> The right to compensation under this law shall not be affected by the fact that the injury, occupational disease or death is caused under circumstances creating in some person other than the employer a legal liability to pay damages therefor, such person so liable being referred to as the third party. Such third party shall not include those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code; nor include the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reasons, is not the direct employer of the workmen there employed.

I.C. § 72-223(1). Thus, in many cases presented to this Court, determining who qualifies as a "third party" is central to the outcome. This analysis often includes a "statutory employer" analysis to determine if an employer meets the Worker's Compensation Law's definition of employer. *See Fuhriman v. State, Dep't of Transp.*, 143 Idaho 800, 804–05, 153 P.3d 480, 484–85 (2007); *Kolar*, 142 Idaho at 351–52, 127 P.3d at 967–69; *Gonzalez v. Lamb Weston, Inc.*, 142 Idaho 120, 122, 124 P.3d 996, 998 (2005); *Venters v. Sorrento Delaware, Inc.*, 141 Idaho 245, 251, 108 P.3d 392, 398 (2005); *Robison*, 139 Idaho at 211, 76 P.3d at 955-56. Here, however, a different statute in the Worker's Compensation Law controls.

Idaho Code section 27-209(3) also grants immunity to statutory employers' *employees*. The Court made it clear in *Blake v. Starr*, 146 Idaho 847, 851, 203 P.3d 1246, 1250 (2009), that the immunity granted to employers by the exclusive remedy rule is not limited to statutory employers. The grant of immunity in section 72-209(3) also extends to the employer's surety, officers, agents, servants, and *employees*. Section 72-209(3) states:

> *The exemption from liability given an employer by this section shall also extend* to the employer's surety and *to all* officers, agents, servants and *employees of the employer* or surety, provided that such exemptions from liability shall not apply in any case where the injury or death is proximately caused by the wilful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, the loss of such exemption applying only to the aggressor and shall not be imputable to the employer unless provoked or authorized by the employer, or the employer was a party thereto.

I.C. § 72-209(3) (emphasis added).

In a nutshell, Richardson's characterization of Idaho's exclusive remedy rule as functioning in a linear fashion, providing immunity up the contractual chain of contractors to the statutory employer, is too narrow. Identifying statutory employers under section 72-223(1) is the

5

starting point. But the full scope of immunity available under the Worker's Compensation Law is not analyzed unless 72-209(3) is also considered. Here, the question before the Court is whether the Respondent LLCs are Richardson's statutory co-employees under the Worker's Compensation Law. If so, Richardson's claim falls within the Worker's Compensation Law's exclusive remedy rule, preventing him from maintaining a tort action for his personal injuries against the Respondent LLCs. We hold that, pursuant to the plain language of I.C. § 72-209(3), the Respondent LLCs are statutory co-employees and are immune from liability.

### B. Hayden is the common statutory employer of Richardson and the Respondent LLCs' employees.

The first step in analyzing the applicability of the exclusive remedy rule is to determine the parties' employment relationships in this case. First, we consider what parties qualify as a statutory employer. The statutory scheme defines "employer" in Idaho Code section 72-102(13)(a). This Court clarified that section 72-102(13)(a)'s definition of employer includes two categories. *See Fuhriman*, 143 Idaho at 804–05, 153 P.3d at 484–85. Under the first category, a statutory employer is "any person who has expressly or impliedly hired or contracted the services of another." *Id.* at 804, 153 P.3d at 484. Category one statutory employers include contractors and subcontractors. *Id.* To qualify as a category one statutory employer, the employer—by contracting or subcontracting out services—must be liable to pay worker's compensation benefits if the direct employer does not. *See* I.C. § 72-216(1); *Fuhriman*, 143 Idaho at 805, 153 P.3d at 485. When the definition of employer under Idaho Code section 72-102(13)(a) is read with section 72-216(1), "a statutory employer [is] liable for payment of worker's compensation to an employee of its contractor whenever a contractor is liable to its employee under the Worker's Compensation Law." *Fuhriman*, 143 Idaho at 805, 153 P.3d at 485 (quoting *Venters*, 141 Idaho at 251, 108 P.3d at 398). Category two statutory employers include "the owner or lessee of the premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed." I.C. § 72-223(1); *Kolar*, 142 Idaho at 352, 127 P.3d at 968.

This Court has explained that the term "employer" is more broadly defined under the Worker's Compensation Law than under the common law. *Blake*, 146 Idaho at 849, 203 P.3d at 1248 (citing *Gonzalez*, 142 Idaho at 122, 124 P.3d at 998). An "employee may have more than one employer: the employer who directly hired the employee and a person or entity who, by

statute, is also held to be the employer for the purposes of worker's compensation." *Gonzalez*, 142 Idaho at 122, 124 P.3d at 998. Further, this Court clarified that while statutory employers can be held liable for worker's compensation benefits, they also enjoy immunity from liability for common law torts. *Id.*

Here, Richardson has two employers for the purposes of the Worker's Compensation Law. First, Alignment is Richardson's direct employer. Second, it is undisputed that Hayden is Richardson's statutory employer because Hayden subcontracted Alignment for finishing work and would be liable to pay worker's compensation benefits to Alignment's employees if Alignment had failed to meet its worker's compensation obligation. Under this Court's precedent, Hayden is Richardson's category one statutory employer. *See Fuhriman*, 143 Idaho at 804, 153 P.3d at 484.

Hayden is also the Respondent LLCs' employees' statutory employer. *See* I.C. § 72-102(13)(a); *Fuhriman*, 143 Idaho at 804, 153 P.3d at 484. Hayden hired Z&H and Plumbing Unlimited as subcontractors to work on the Property. In turn, Z&H hired Hernandez to frame Hayden's project. Further, pursuant to Idaho Code section 72-216(1), Hayden would be required to provide worker's compensation benefits to the Respondent LLCs' employees if any of the Respondent LLCs failed to meet their obligations under the Worker's Compensation Law. I.C. § 72-216(1); *Fuhriman*, 143 Idaho at 804, 153 P.3d at 484. Thus, Hayden is a category one statutory employer to the Respondent LLCs' employees—contractors and subcontractors employed on its jobsite. *Id.* Pursuant to Idaho Code section 72-209(3), Hayden's immunity extends to its employees—including the Respondent LLCs' employees. This conclusion, however, does not end our analysis.

Here Richardson names the Respondent LLCs' unknown "John Doe" employees *and* the Respondent LLCs individually as defendants. Accordingly, for the Respondent LLCs to prevail, the entities themselves—rather than just their employees—must qualify as Hayden's statutory employees to be immune from suit.

## C. Hayden's immunity extends to the Respondent LLCs pursuant to Idaho Code section 72-209(3).

The Idaho legislature extended employer's immunity from liability under the Worker's Compensation Law to "the employer's surety and to all officers, agents, servants and *employees* of the employer or surety." I.C. § 72-209(3) (emphasis added); *Blake*, 146 Idaho at 850, 203 P.3d at 1249. Thus, this Court must determine whether the Respondent LLCs are "employees" of

7

Hayden under the Worker's Compensation Law. The Respondent LLCs argue that they qualify as employees under the plain language of the Worker's Compensation Law. Richardson maintains that the Worker's Compensation Law only intended to include natural persons in its definition of employee. Thus, Richardson argues that the Respondent LLCs cannot qualify for statutory immunity under Idaho Code section 72-209(3). We disagree.

Idaho Code section 72-102(12) defines "employee" as "synonymous with 'workman' and means any *person* who has entered into the employment of, or who works under contract of service or apprenticeship with, an employer." I.C. § 72-102(12) (emphasis added). Idaho Code section 72-102(24) defines "person" as "the state or any political subdivision of, or any individual, partnership, firm, association, trust, corporation, including the state insurance fund, or any representative thereof." I.C. § 72-102(24). Thus, a plain reading of the Worker's Compensation Law indicates that the term "employee" is not limited to natural persons. The definition includes partnerships, corporations, and other associations. While Idaho Code section 72-102(24) does not expressly include LLCs as an entity in its person definition, LLCs fall into this definition as a blend of partnerships and corporations. *See* 5 AM. JUR. 2d *Limited Liability Companies* § 1 ("[A] limited liability company is a form of legal entity that has the attributes of both a corporation and a partnership but is not formally characterized by either one," and thus "should be governed by the same rules that apply to those entities[.]"). Thus, the Respondent LLCs are Hayden's employees under the plain language of the Worker's Compensation Law.

Richardson argues that a plain reading of the statute suggests that employees or a "workman" can only be natural people. While we agree with this common sense definition of "workman," Richardson's argument fails to consider the larger context of the worker's compensation system. The Worker's Compensation Law is broader than the common law. For instance, the term employer is more broadly defined under the Worker's Compensation Law. *Blake*, 146 Idaho at 849, 203 P.3d at 1248. Under the Worker's Compensation Law, an employer may be what we typically think of as a direct employer under the common law, or a person or entity that qualifies as an employer under the statute for the purposes of worker's compensation. *Gonzalez*, 142 Idaho at 122, 124 P.3d at 998. Just as the Worker's Compensation Law broadly defines employer, employee is also more broadly defined. *See* I.C. §§ 72-102(12), (24). Thus, for the purposes of worker's compensation, the definition of employees encompasses both common sense, natural persons, and statutory employees.

Richardson argues that co-employee immunity only extends to a statutory employer's direct employee. Thus, Richardson argues that Idaho Code section 72-209(3) cannot be read to include the Respondent LLCs' employees. We disagree.

While this Court has not squarely addressed this issue before, *Blake* supports the conclusion that employer immunity extends to the facts of this case. In *Blake*, this Court recognized that a statutory employer's immunity extends to the statutory employer's employee under section 72-209(3). 146 Idaho at 850, 203 P.3d at 1249. In so holding, this Court found that the injured employee of a statutory employer's subcontractor and an employee of the statutory employer are "statutory co-employees" under the Worker's Compensation Law. *Id.* While the employment relationships differ in this case, the same reasoning used in *Blake* supports the Respondent LLCs' claim of immunity here.

In *Blake*, Idaho Sand and Gravel (ISG) hired subcontractor Traffic Products and Services (TPS) to provide flagging services on ISG's construction site. *Id.* at 848, 203 P.3d at 1247. Blake was hired by TPS, and was working on the construction site when she was struck by a front end loader operated by Starr. *Id.* Starr worked directly for ISG. *Id.* This Court concluded that ISG was TPS's statutory employer under the Worker's Compensation Law. *Id.* at 850, 203 P.3d at 1249. Because Idaho Code section 72-209(3) extends a statutory employer's immunity to their employees, and the language of the statute encompasses every relationship in which the employer could be held liable through respondeat superior, this Court found Starr to be Blake's statutory co-employee and immune from liability. *Id.* at 851, 203 P.3d at 1250. This Court further stated:

> The purpose behind the various provisions of the worker's compensation law leads to the conclusion that the employee of a statutory employer and the employee of his employer's subcontractor are statutory co-employees under [Idaho Code section] 72-209(3) . . . In other words, a statutory employer's immunity from suit under [Idaho Code section] 72-223 must logically and necessarily be extended to its employees through [Idaho Code section] 72-209(3) to fulfill the purpose of the Idaho Worker's Compensation [Law]. To hold otherwise would undermine the entire framework of liability and immunity provided by the worker's compensation law.

*Id.*

Going back to the facts of *Blake*, the employee of a subcontractor was injured by a direct employee of the statutory employer (general contractor). *Id.* at 848, 203 P.3d at 1247. In this case, Richardson, the employee of subcontractor 1 (Alignment), alleges that employees of the

9

Respondent LLCs (subcontractors 2 (Z&H), 2A (Hernandez), and 3 (Plumbing Unlimited)) were negligent. Unlike *Blake*, the Respondent LLCs' employees were not directly employed by the statutory employer, Hayden (general contractor). However, all of the Respondent LLCs (subcontractors 2, 2A, and 3) were hired by Hayden or its subcontractors to work on the same construction project on the Property. The Respondent LLCs qualify as Hayden's statutory employee under the plain language of the Worker's Compensation Law. *See* I.C. §§ 72-102(12), (24). Accordingly, Hayden's immunity is extended to its employees, the Respondent LLCs, through Idaho Code section 72-209(3). As such, the Respondent LLCs are immune from third party liability as Richardson's statutory co-employees pursuant to exclusive remedy rule.

Richardson argues that the Worker's Compensation Law does not contemplate granting immunity to employees that are not directly employed by the statutory employer. Richardson bases this argument on the compromise at the heart of the worker's compensation system. Under the Worker's Compensation Law, employers receive the benefit of immunity if they are liable to pay worker's compensation benefits regardless of fault. *See* I.C. § 72-201; *Kolar*, 142 Idaho at 351, 127 P.3d at 967. Thus, Richardson argues that because the Respondent LLCs are not liable to pay worker's compensation benefits to Richardson, they cannot receive the benefit of immunity under the compromise. We disagree. As stated above, a statutory employer's immunity does not comprise the entire immunity analysis. Section 72-209(3) explicitly extends a statutory employer's immunity to its surety, agents, officers, servants and employees. *See* I.C. § 72-209(3). Richardson's policy argument fails to account for the broader scope of immunity provided under the plain language of section 72-209(3).

Additionally, Richardson argues that the Respondent LLCs' position inverts traditional vicarious liability relationships. Typically, immunity flows from the employer (the principal) to the employee (the agent). This Court's precedent in worker's compensation supports this idea in *White v. Ponozzo*, 77 Idaho 276, 280, 291 P.2d 843, 845 (1955), and *Blake*, 146 Idaho at 851, 203 P.3d at 1250. In *Blake*, this Court held that the plain language of Idaho Code section 72-209(3) "encompasses every relationship in which the employer could be held liable through *respondeat superior*." 146 Idaho at 851, 203 P.3d at 1250 (emphasis in original). Here, Richardson argues that the Respondent LLCs are claiming their employees' immunity, inverting the flow of immunity. To Richardson, the Respondent LLCs cannot claim their employees' immunity without having grounds for immunity on their own. This argument is compelling, but a

plain reading of the statute makes it of no consequence. Idaho Code section 72-209(3) grants immunity to an employer's employee. Here, the Respondent LLCs fall within the Worker's Compensation Law's broad definition of employee. While this case does not exhibit the same vicarious liability relationships as demonstrated in *White* and *Blake*, the Respondent LLCs are still immune from suit based on a narrow reading of the Worker's Compensation Law.

Accordingly, we conclude that the district court did not err in finding the Respondent LLCs immune from liability under Idaho Code section 72-209(3).

## IV.    CONCLUSION

We affirm the district court's decision granting summary judgment because the Respondent LLCs are immune from suit under the Worker's Compensation Law. Pursuant to Rule 40 of the Idaho Appellate Rules, we award costs on appeal to the Respondent LLCs.


Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.

11